**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

SIDNEY HARDMAN,

          Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

          Defendant-Appellee.

No. 03-7056

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA
### (D.C. No. 02-CV-308-W)

---

Submitted on the briefs:

Michael D. Clay, Tulsa, Oklahoma, for Plaintiff-Appellant.

Sheldon Sperling, United States Attorney, Cheryl R. Triplett, Assistant United
States Attorney, Muskogee, Oklahoma, and Tina M. Waddell, Regional Chief
Counsel, Michael McGaughran, Deputy Regional Chief Counsel, Katauna J. King,
Assistant Regional Counsel, Office of the General Counsel, Region VI, Social
Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

---

**BALDOCK** , Circuit Judge.

Claimant Sidney Hardman appeals from the magistrate judge's order affirming the decision of the Commissioner of Social Security denying his application for disability insurance benefits. [1] Our jurisdiction arises under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Because the Commissioner did not apply the correct legal standards and her decision is not supported by substantial evidence, we reverse and remand for further proceedings. [2]

Claimant applied for benefits in 1996, alleging disability due to severe back pain. Claimant's treating physician at the Veteran's Administration (VA) Outpatient Clinic, Dr. Ashcraft, reported in 1995 that claimant was unable to work because of disc degeneration, spurring, narrowing of disc space, and lumbar arthrosis and left knee degeneration. A June 1995 CT scan and spinal x-ray showed early lumbar arthrosis and mild degenerative changes in the cervical region. In October 1996, Dr. Dalessandro, an examining physician, observed tenderness with palpation in the lumbosacral and upper dorsal area, positive SLR, and decreased range of motion of the lumbodorsal joint. Dr. Ashcraft noted in

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

[2] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

July 1997 that claimant had limitation of motion in the dorsal spine with severe tenderness, severe pain with loss of motion in the cervical spine, loss of motion in the lumbar spine, and an antalgic limp. In December 1998, Dr. Love, another VA physician, reported that claimant had obvious back pain, decreased range of motion, positive SLR, and lumbar tenderness. Dr. Love suspected lumbar spine disc disease and radicular pain, and scheduled an MRI. The VA cancelled the scheduled MRI, however. Another VA physician, Dr. Harris, examined claimant in September 1999 and reported that an EMG/nerve conduction study did not reveal findings of radiculopathy, and the VA again decided not to perform an MRI.

Claimant was last insured for disability benefits on March 31, 1999. *See Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993) (stating claimant must establish onset of disability prior to date insured status expired). In June 2000, after the date claimant's insurance expired, the VA did perform an MRI on claimant, which confirmed that he has extensive degenerative disc disease involving all levels of the lumbar and lower thoracic regions, and has herniated discs at L3-L4, L4-L5, and L5-S1, with spinal stenosis at the L4-L5 level. The VA's report attributed claimant's complaints since 1995 of chronic low pain to the disc disease, herniated discs and spinal stenosis, and

reported that there was a strong possibility claimant would require neurosurgery for these problems.

Claimant's application was initially denied in 1997. After it was denied administratively and upon reconsideration, an administrative hearing was held in November 1997, before an administrative law judge (ALJ). The ALJ concluded that the medical evidence supported a finding that claimant has severe cervical disc disease, severe low back pain and osteomalacia of both knees. The ALJ found that claimant did not retain the residual functional capacity (RFC) to return to any of his past relevant work, and could perform less than a full range of sedentary work. Based on the testimony of a vocational expert (VE), the ALJ determined that the claimant was capable of making a vocational adjustment to certain sedentary jobs in the national economy, and concluded at step five of the five-step sequential process used to evaluate a disability claim that claimant was not disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing steps).

The ALJ's decision was remanded by the Appeals Council. The Appeals Council ordered the ALJ to obtain updated medical records, re-evaluate claimant's subjective complaints of pain in compliance with 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p, 1996 WL 374186, give additional rationale for the ALJ's determination of claimant's RFC, obtain additional vocational

-4-

testimony to clarify the effects of claimant's limitations on his occupational base, and determine when claimant last engaged in substantial gainful activity.

A supplemental administrative hearing was held before another ALJ in May 2000, at which a VE testified. That ALJ's decision gave only a very abbreviated and selective description of the medical evidence, stating that he adopted the prior ALJ's description of the medical evidence but not the prior ALJ's conclusions and findings. The ALJ denied claimant's application for benefits at step four of the five-step analysis, concluding, contrary to the prior ALJ's determination, that claimant did retain the RFC to perform a wide range of light work, subject to some limitations, and could return to his past relevant work as a security guard or plastic laminator. In reaching this conclusion, the ALJ rejected claimant's subjective complaints of pain, stating that his "credibility is diminished substantially because objective medical tests show that there is no basis for his allegations of pain and limitation." Aplt. App., Vol. II at 28.

Because claimant's June 2000 MRI was performed after the date of the ALJ's decision, claimant submitted that new evidence to the Appeals Council, together with the VA's opinion that the MRI results were consistent with claimant's reports of low back pain since 1995, prior to the March 31, 1999 date he was last insured. The Appeals Council considered the new MRI evidence, but concluded, without explanation, that it did not provide a basis for changing the

ALJ's decision. The Appeals Council denied review, making that ALJ's decision the Commissioner's final decision. The magistrate judge affirmed.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." *Kepler v. Chater*, 68 F.3d 387, 388-89 (10th Cir. 1995).

Claimant argues that the ALJ failed to perform a proper credibility analysis in rejecting claimant's subjective complaints of pain and limitation. According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain "specific reasons" for a credibility finding; the ALJ may not simply "recite the factors that are described in the regulations." *Id*. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391 (quotation omitted). We agree with claimant that the ALJ did not comply with the legal standards of SSR 96-7p or *Kepler*.

In addressing claimant's allegations of disabling pain, the ALJ recited boilerplate language stating that full consideration had been given to claimant's subjective complaints in accordance with the factors set forth in 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-7p, and *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987). The ALJ then rejected claimant's allegations of pain and limitation using more boilerplate language that:

> claimant's allegations are not fully credible because, but not limited to, the objective findings, or the lack thereof, by treating and examining physicians, the lack of medication for severe pain, the frequency of treatments by physicians and the lack of discomfort shown by the claimant at the hearing.

Aplt. App., Vol. II at 28.

We have held that use of this same boilerplate paragraph is insufficient, in the absence of a more thorough analysis, to support an ALJ's credibility determination as required by *Kepler*. *Angel*, 329 F.3d at 1213. While this boilerplate paragraph does list factors that are appropriate to consider in assessing a claimant's credibility, *see Luna*, 834 F.2d at 165-66, the ALJ failed to link or connect any of the factors he recited to any evidence in the record. He simply recited these factors, then concluded claimant's allegations were not credible. This is precisely the type of "conclusion in the guise of findings" rejected in *Kepler* and many cases since; it is not enough for the ALJ simply to list the relevant factors; he must also "explain why the specific evidence relevant to each

-7-

factor led him to conclude claimant's subjective complaints were not credible."
68 F.3d at 391.

We repeat: the use of "[s]tandard boilerplate language will not suffice." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Such boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible. *See id*. More troubling, it appears that the Commissioner has repeatedly been using this same boilerplate paragraph to reject the testimony of numerous claimants, without linking the conclusory statements contained therein to evidence in the record or even tailoring the paragraph to the facts at hand, almost without regard to whether the boilerplate paragraph has any relevance to the case. *See, e.g., Angel*, 329 F.3d at 1213; *Oslin v. Barnhart*, 69 Fed. Appx. 942, 947-48 (10th Cir. July 17, 2003) (unpublished disposition); *Clark v. Barnhart*, 64 Fed. Appx. 688, 691 (10th Cir. Apr. 22, 2003) (unpublished disposition). [3]

As is the risk with boilerplate language, we are unable to determine in this case the specific evidence that led the ALJ to reject claimant's testimony.

---

[3]     The *Oslin* and *Clark* unpublished dispositions are not being cited as precedent, but rather for the purpose of noting that panels of this court have previously warned the Commissioner that the use of this boilerplate paragraph is insufficient in the absence of a thorough analysis closely and affirmatively linking the credibility determination to substantial and specific evidence in the record.

*See, e.g., Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion."). Indeed, we cannot find record support for the ALJ's reference to a lack of medication for severe pain or his ambiguous statement about the frequency of treatments. Our review of the record demonstrates that claimant has regularly complained of, and sought medical treatment for, his back pain since 1995. Aplt. App., Vol. II at 233, 235, 237, 238, 239, 240, 242, 244-46, 313, 316-17, 321, 328, 330, 333, 334, 338. Claimant has taken numerous prescription medications for his pain, including Darvocet, *id*. at 107, Soma, *id.* at 238, Ultram, *id*. at 244, Voltaren, *id*. at 254, Lortab, *id*. at 316, Vicodin, *id*. at 330, Tylox, *id.* at 335, and other pain medications such as aspirin, Tylenol and ibuprofen. Claimant reports taking medication several times a day due to pain. *Id.* at 65, 68, 185, 213, 221. In addition, claimant has sought relief at a pain clinic, *id.* at 240, 244, 245, and has used a TENS unit, *id*. at 321. We are unable to reconcile this medical evidence with the ALJ's boilerplate, conclusory statement about a lack of medication and a lack of treatment, and, as noted, the ALJ did not attempt such an explanation. To the contrary, this evidence supports claimant's testimony. *See* SSR 96-7p at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to

follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements.").

It was error for the ALJ to fail to expressly consider claimant's persistent attempts to find relief from his pain, his willingness to try various treatments for his pain, and his frequent contact with physicians concerning his pain-related complaints. *See Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996) (holding it is error for an ALJ to fail to consider factors relevant to the pain analysis which are supported by the record); *Clifton*, 79 F.3d at 1010 (ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects"). We conclude that the ALJ's statement about a lack of medication for severe pain and the infrequency of treatments is not supported by substantial evidence.

The ALJ stated that claimant's credibility was diminished substantially because objective medical tests show that there is no basis for his allegations of pain. The ALJ's primary basis for this statement appears to be a March 1996 statement by Dr. Todd, a VA physician, that he had reviewed claimant's visit to the pain clinic, and believed claimant's symptoms were "significantly disproportionate to [the] findings," and that claimant was engaged in "disability seeking behavior." Aplt. App., Vol. II at 343. It does not appear from the record

-10-

that Dr. Todd examined claimant; even if he did, his statement is conclusory and unsupported. Dr. Todd's brief report does not discuss or reference any supporting clinical data, or provide any explanation for his assertion that claimant's symptoms are disproportionate to the medical findings. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (a "physician's opinion [may] be rejected if it is brief, conclusory, and unsupported by medical evidence."); *see also Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (evidence is not substantial if it really constitutes not evidence but mere conclusion). Moreover, Dr. Todd's suggestion that claimant is exaggerating his symptoms is the only such suggestion in the record. Dr. Todd's brief, unsupported statement does not constitute substantial evidence to support the ALJ's credibility determination.

The ALJ also noted that a September 1999 EMG/nerve conduction study did not reveal findings of radiculopathy. The ALJ barely mentioned, however, all of the other medical evidence in the record indicating that claimant did suffer severe lumbar pain from degenerative disc disease. It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence. *See Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). Further, the ALJ did not have the benefit of the June 2000 MRI, which confirmed that claimant has extensive degenerative disc disease involving all levels of the lumbar and lower thoracic regions, herniated discs

-11-

and spinal stenosis, consistent with his persistent complaints of lower back pain since 1995.

Given that substantial evidence does not support the ALJ's other explanations for rejecting claimant's testimony, the ALJ's credibility analysis now rests entirely on his determination that there is a lack of objective medical tests evidencing pain to the degree asserted by claimant. This basis alone is insufficient. *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."); *see also Luna*, 834 F.2d at 165 ("If objective medical evidence must establish that severe pain exists, subjective testimony serves no purpose at all."). Furthermore, the new MRI evidence is obviously crucial to an evaluation of whether objective medical evidence supports claimant's allegations of pain and limitation. We cannot agree with the Appeals Council's statement that the MRI evidence does not provide a basis for changing the ALJ's decision. *See Threet v. Barnhart*, 353 F.3d 1185, 1191-92 (10th Cir. 2003) (remanding for further proceedings where it did not appear the Appeals Council properly evaluated the entire record, including the material and relevant new evidence).

In summary, the ALJ did not properly assess claimant's credibility because he failed to give "specific reasons" for his determination, failed to closely and

affirmatively link his credibility conclusions to the evidence, and failed to discuss the significantly probative evidence supporting claimant's allegations upon which he chose not to rely. Further, virtually all of the reasons given by the ALJ for rejecting claimant's testimony are not supported by substantial evidence. Consequently, the case must be remanded for further proceedings to assess claimant's credibility. In addition, a remand is required to enable the ALJ to consider the relevant MRI evidence submitted to the Appeals Council. On remand, the ALJ shall evaluate claimant's allegations of pain and limitation in accordance with the proper legal standards, and in particular, shall make specific evidentiary findings with respect to the claimant's subjective complaints of disabling back pain, taking into account claimant's consistent attempts to obtain medical treatment and his use of prescription and other medications for severe pain.

Because the ALJ failed to apply the correct legal standards in assessing claimant's allegations of disabling pain, we REVERSE the decision of the magistrate judge and REMAND the case to the district court with instructions to remand the case to the Commissioner for further proceedings before the administrative law judge in accordance with this decision.