**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KATHY S. SWANSON,

      Plaintiff-Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 06-5024
(D.C. No. 04-CV-667-M)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY** and **EBEL,** Circuit Judges, and **KANE,**[**] District Judge.

Kathy Swanson appeals the district court's order affirming the

Commissioner's decision to withhold disability benefits. Swanson argues that the

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Administrative Law Judge (ALJ), who found that "her limitations are not totally credible," Aplt. App., Vol. 2 at 27, failed to perform a proper credibility analysis. We agree, and we reverse and remand for further proceedings.

## BACKGROUND

At the time of the disability hearing, Swanson was fifty-two years old. She suffered from degenerative disc disease at C5-C6, lumbar scoliosis, narrowing of the lumbosacral disc space, decreased range-of-motion in her right shoulder, depression, mood swings, and panic attacks. Swanson had also undergone three unsuccessful surgeries to fuse the bones in her left ankle that were broken when a house collapsed on her. In addition to headaches, Swanson suffered from pain in her left ankle, lower back, and right shoulder. She testified that her pain is constant, mostly in her ankle, and that her lower back pain radiates down her legs when she bends over or exerts herself. Swanson further testified that her headaches occur frequently.

Regarding her limitations, Swanson stated that she could not stand for ten minutes without pain, could not sit for "very long," *id.* at 328, could not walk without pain, and that she could lift five pounds but it would make her shoulder "burn," *id.* at 333. As for her daily activities, Swanson testified that she could do laundry, but it was hard, that cleaning her bathtub caused pain in her back, shoulder, and ankle, so she "let[s] it go," *id.* at 336, that she could not perform yard work, and that she could not concentrate to watch a two-hour movie. There

was also evidence that Swanson cooks only one meal a day and drives to the grocery store, but fears going inside.

A vocational expert (VE) testified that if Swanson were fully credible, she would be unable to work.

The ALJ denied benefits at step four of the sequential evaluation process, opining that Swanson "exaggerate[d] her symptoms to include disabling pain," *id.* at 25, that she possessed the residual functional capacity to perform medium work, and that she could return to her past work as an herb grower or a packager, *id.* at 27. After the Appeals Council denied review, Swanson filed a complaint for judicial review in federal district court. Unsuccessful, Swanson appealed.

### DISCUSSION

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." *Kepler v. Chater*, 68 F.3d 387, 388-89 (10th Cir. 1995).

While a claimant's credibility is generally an issue reserved to the ALJ, the issue is reviewable to ensure that the underlying factual findings are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)

-3-

(quotation omitted). This court follows a three-pronged analysis for claims of disabling pain: (1) the medical evidence must establish a pain producing impairment; (2) there must be at least a loose nexus between the impairment and the claimant's subjective complaints of pain; and (3) the claimant's pain must be disabling in light of the objective and subjective evidence. *See Kepler*, 68 F.3d at 390. In determining the credibility of subjective pain testimony, relevant considerations include "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

The ALJ concluded that Swanson's claim of disabling pain failed for lack of severity. Aplt. App., Vol. 2 at 25. He deduced that Swanson was exaggerating her symptoms because (1) she took only aspirin or ibuprofen; and (2) consulted "her treating physician a few times and an orthopedic physician for the purpose of documenting her condition rather than treatment." *Id.* We have cautioned, however, that a claimant's use of only aspirin is not a universally reliable gauge of pain severity. For instance, the claimant may be unable to afford prescription pain medication or may suffer undesirable side-effects. *Huston*, 838 F.2d at

-4-

1132-33 n.7. We also made the same cautionary observation about a claimant who fails or only infrequently seeks a physician's advice. *Id.* Here, there is evidence that Swanson could not "afford to see a Dr. & be treated," Aplt. App., Vol. 2 at 157, and that she had not replaced her broken eyeglasses because she lacked money, *id.* at 222. The ALJ apparently considered Swanson's impoverishment, but rejected its relevance, simply stating that "[t]here are public facilities available to those who do not have insurance or who are unable to pay for medical care." *Id.* at 25. That reasoning is invalid, however, as it contravenes our express recognition in *Huston* that affordability—rather than insignificancy of pain—may explain a claimant's use of non-prescription pain relievers or failure to seek a physician's advice.

In addition to the affordability issue, there is evidence in the record that Swanson was "quite afraid" to attempt a fourth surgery on her ankle. *Id.* at 157. Given three failed prior surgeries, such a fear might be quite genuine. *See Huston*, 838 F.2d at 1132-33 n.7 (recognizing that "[s]ome who are disabled . . . may have resisted medical help out of pride, fear, or other valid reasons"). The ALJ did not, however, consider her fear of further surgery.

The ALJ also stated that he could not "verif[y] with any reasonable degree of certainty" Swanson's alleged limited daily activities and that

> even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the

relatively weak medical evidence and other factors discussed in this decision.

Aplt. App., Vol. 2 at 25-26. This statement is troubling for a number of reasons. First, we are unaware of—and the Commissioner has not identified—any statute, regulation, ruling or case law directing an ALJ to "verify" by a "reasonable degree of certainty" whether a claimant's daily limitations are as he or she alleges. Objective verifiability is not the standard we have settled upon for credibility issues. Rather, we have long insisted that ALJs rely on evidence that is (1) "substantial"; and (2) "closely and affirmatively" linked to credibility. *Kepler*, 68 F.3d at 391.

Second, we are at a loss as to what the ALJ meant by "other reasons" and "other factors." Aplt. App., Vol. 2 at 26. If he meant that Swanson's daily-activity limitations were belied by her use of non-prescription pain relievers and limited doctor visits, we have already noted the ALJ's failure to consider alternative plausible explanations. In any event, the ALJ's lack of specificity precludes effective review. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) (stating that "boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible"); SSR 96-7p, 1996 WL 374186, at *2 (stating that the ALJ's credibility reasoning "must be sufficiently

specific to make clear to . . . any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").

Third, the ALJ does not explain how he reached the conclusion that the medical evidence in Swanson's case is "relatively weak." Aplt. App., Vol. 2 at 26. Apart from the severity of her pain, all of Swanson's conditions appear to be medically documented. Moreover, a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7P, 1996 WL 374186, at *1.

Because the ALJ applied incorrect legal standards in finding Swanson not credible and failed to articulate his reasoning with sufficient specificity, we REVERSE the district court's judgment and we REMAND this matter with

instructions to remand, in turn, to the Commissioner for further proceedings

consistent with this order and judgment.[1]

Entered for the Court

David M. Ebel
Circuit Judge

[1]     We are not persuaded that the ALJ erred by relying on the VE's response to an incomplete hypothetical. Specifically, the VE responded to a hypothetical posed by the ALJ that lacked Swanson's moderate difficulties in maintaining concentration, persistence, or pace (CPP)—which refers to "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. pt. 404, subpt. P., App. 1, § 12.00(C)(3). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quotation omitted). We conclude, however, that the ALJ adequately accounted for Swanson's CPP difficulties by including within the hypothetical "marked restrictions in the ability to understand, remember and carry out detailed instructions" and the ability "to perform simple, but not complex tasks under routine supervision." Aplt. App., Vol. 2 at 357.