**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDDIE L. JONES,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 08-6158
(D.C. No. 5:07-CV-01086-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Plaintiff Eddie L. Jones appeals the district court's order upholding the

commissioner's denial of his application for social security disability benefits and

supplemental security income. We exercise jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g), and remand for further proceedings.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Mr. Jones alleges disability since September 30, 2004, due to low back pain and numbness which radiates down into his left leg and foot. He injured his back on April 27, 2003, while assisting a patient during his work as a Certified Nurse's Aide (CNA). Dr. Hahn diagnosed Mr. Jones as suffering from lumbar degenerative disc disease at L4-5. Aplt. App. Vol. II at 256. In January 2004, Dr. Hahn and Dr. Melton performed a discectomy and fusion at the L4-5 level. Mr. Jones was followed medically for several months following the surgery, and in August, 2004, Dr. Hahn recommended that he be evaluated to determine his functional capacity. Accordingly, on August 27, 2004, Mr. Jones was evaluated to determine his ability to return to work, and a Functional Capacity Evaluation (FCE) report was produced. *Id.* at 287-322. The FCE concluded that Mr. Jones could perform work at the sedentary level. Mr. Jones underwent an MRI on August 1, 2005. It showed some disc dessication and bulge, but no central canal or neural foraminal narrowing. *Id.* at 354. In December 2005, Mr. Jones had a selective nerve root block that resulted in only a fifty percent relief in symptoms, so Dr. Hahn recommended against further surgery. *Id.* at 351. At that time, Dr. Hahn noted that the MRI "show[ed] no evidence of neurologic compromise with well maintained foramina and central canal," and recommended medication for Mr. Jones's neuropathic pain. *Id.* Dr. Cornelius treated Mr. Jones for pain management from September 2004 to July 2005. *Id.* at 331-37. Mr. Jones

testified at the administrative hearing that he took medication and used a TENS unit for pain, and that he used a cane when walking. He stated that his pain medication put him to sleep during the day for six to eight hours, *id.* at 423, and his ability to sit, stand, and walk were limited by pain, *id.* at 426-27.

Mr. Jones's application for social security benefits was denied initially, so he requested further review. An administrative law judge (ALJ) held a hearing at which Mr. Jones and a vocational expert testified. The ALJ concluded that Mr. Jones was unable to return to his past work as a CNA, but he retained the residual functional capacity (RFC) for a full range of sedentary work. Accordingly, applying the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P. App. 2, Rules 201.27, 201.28, and 201.29[1] the ALJ determined that Mr. Jones was not disabled under the Social Security Act. The ALJ therefore denied benefits at step five of the five-part sequential evaluation process. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps).

The Appeals Council denied Mr. Jones's request for review, making the ALJ's decision the final decision of the Commissioner. *See Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005). The district court adopted a magistrate judge's recommendation to affirm the Commissioner's decision. Mr. Jones appeals.

---

[1] The ALJ mistakenly cited to Rules 201.25 and 201.26.

*Legal Framework*

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether he applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted). To determine whether substantial evidence supports the Commissioner's decision, we examine the record as a whole, but we do not reweigh the evidence. *Id.*

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .'" *Fischer-Ross*, 431 F.3d at 731 (quoting 42 U.S.C. § 423(d)(1)(A)).

On appeal, Mr. Jones argues that the ALJ (1) failed properly to evaluate his credibility regarding pain, and (2) committed legal error by applying the grids even though Mr. Jones's pain constituted a nonexertional impairment.

*Credibility*

The ALJ found Mr. Jones's allegations of disabling pain "not totally credible." Aplt. App. Vol. II at 19. In discrediting Mr. Jones's testimony, the ALJ stated generally that the objective evidence did not account for his pain allegations. Mr. Jones argues that the ALJ erred because he failed to refer to specific evidence to support his conclusion. We agree.

It is well-established that "[c]redibility determinations are peculiarly the province of the finder of fact," but "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations omitted).

The ALJ discounted Mr. Jones's testimony on his ability to walk and sit as "not substantiated by the objective medical evidence in the record." Aplt. App. Vol. II at 19. But the ALJ did not identify the evidence he relied on for this finding. Similarly, the ALJ found that Mr. Jones's "description of the symptoms and limitations was greater than what the objective record establishes." *Id.* Again, the ALJ failed to link the symptoms and limitations to any of the medical evidence, or to explain what evidence supported this conclusion.

In his credibility findings, the ALJ did identify two medical records to support his conclusion: the August 27, 2004, FCE concluding that Mr. Jones could perform sedentary work, and "the functional restrictions on activities presented by the claimant's treating doctor." *Id.* The ALJ did not identify which of Mr. Jones's

treating physicians he referred to, given that Mr. Jones was treated by more than one physician. We assume the ALJ referred to Dr. Hahn because Dr. Hahn's August 30, 2004, letter approved the FCE in which the functional restrictions were described. *Id.* at 357. Even this finding, arguably linked to evidence in the record, is not supported by substantial evidence because the record shows that after August 2004, Mr. Jones repeatedly sought relief from his pain, efforts not mentioned in the ALJ's credibility discussion.

Mr. Jones sought pain management from Dr. Cornelius on September 27, 2004, October 22, 2004, February 2, 2005, March 5, 2005, May 16, 2005, June 17, 2005, and July 25, 2005. *Id.* at 331-37. Dr. Cornelius recommended that Mr. Jones again consult Dr. Hahn, the back surgeon, for pain relief, and on October 13, 2005, Mr. Jones did so, *see id.* at 352. Dr. Hahn had Mr. Jones undergo a selective nerve root block in December 2005, but because he received only fifty percent relief from it, further surgery was not recommended. Instead, Dr. Hahn prescribed medication to relieve "neuropathic pain." *Id.* at 351. In addition, Dr. Blough opined in September 2004 that Mr. Jones would need continued pain management for his back pain. *Id.* at 284.

The ALJ did not expressly consider Mr. Jones's "persistent attempts to find relief from his pain, his willingness to try various treatments for his pain, and his frequent contact with physicians concerning his pain-related complaints." *Hardman v. Barnhart*, 362 F.3d 676, 680 (10th Cir. 2004). This failure was error. *See id.*

In sum, by stating only that Mr. Jones's claim of disabling pain was not supported by the objective evidence, the ALJ failed to affirmatively link his findings to the evidence. The ALJ did not "explain and support with substantial evidence which of [his] testimony he did not believe and why." *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002). Moreover, "in the absence of a more thorough analysis and more specific findings by the ALJ," the ALJ cannot disregard the post-August 2004 medical records of Mr. Jones's attempts to find relief for his pain. *Angel v. Barnhart*, 329 F.3d 1208, 1213 (10th Cir. 2003). Therefore, we remand the ALJ's credibility determination for further proceedings. We emphasize that "no particular result is dictated, and we remand this matter only to assure that the correct legal standards are invoked in reaching a decision based on the facts of this case." *Id.* at 1213-14 (citation and quotations omitted).

*Application of the Grids*

Mr. Jones also maintains that the ALJ's application of the grids was improper because his disabling pain constituted a nonexertional impairment. He further contends that application of the grids was foreclosed by his need for a cane prescribed for full-time use "to avoid falling," Aplt. App. Vol. II at 332, and the ALJ's limitation on his RFC to "avoid concentrated exposure to hazardous machinery or heights due to medication he takes for pain," *id.* at 19.

Use of the grids is precluded "unless the claimant's RFC precisely matches the RFC specified for the grid relied upon." *Allen v. Barnhart*, 357 F.3d 1140, 1143

(10th Cir. 2004) (citing authorities). More specifically, "[t]he grids cannot be applied conclusively if a claimant has nonexertional limitations that significantly limit his ability to perform the full range of work in a particular RFC category on a sustained basis." *Williams v. Bowen*, 844 F.2d 748, 752 (10th Cir. 1988) (quotation omitted). On the other hand, the grids may be applied if a claimant's nonexertional limitations do not further limit his ability to perform work at the applicable exertional level. *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

The ALJ's limitation on Mr. Jones's ability to perform a full range of sedentary work by avoiding dangerous machinery or heights does not erode the occupational base because "[i]n general, few occupations in the unskilled sedentary occupational base require work in environments with . . . unusual hazards, [such as] moving mechanical parts of equipment, tools, or machinery [and] working in high, exposed places." Social Security Ruling 96-9p, 1996 WL 374185, at *9. But Mr. Jones's need to use a cane "can be considered a manipulative limitation," requiring evaluation "as to whether this non-exertional impairment was severe enough to preclude [him] from performing a wide range of sedentary work." *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987). Similarly, if a proper evaluation of Mr. Jones's pain reveals limitations that reduce his functionality, the grids may not be applied conclusively. Accordingly, this issue is also remanded for further proceedings.

*Conclusion*

Because the ALJ failed to apply the correct legal standards in assessing Mr. Jones's pain, and because that determination and Mr. Jones's need to use a cane may affect the decision to apply the grids, we REVERSE the district court's judgment and REMAND this case to the district court with instructions to remand the case to the Commissioner for further proceedings in accordance with this decision.

Entered for the Court


Michael R. Murphy
Circuit Judge