FILED
United States Court of Appeals
Tenth Circuit

December 14, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND BOSWELL,

        Plaintiff–Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security
Administration,

        Defendant–Appellee.

No. 11-7041
(D.C. No. 6:10-CV-00073-RAW-KEW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

Raymond Boswell appeals from the denial of his applications for benefits

under the Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g)

and 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Boswell applied for benefits in March 2007. He alleged that he had been unable to work since December 1, 2006[1] because of degenerative disc disease, bone spurs, and problems with his back, neck, arms, hands, shoulders, and liver. His applications were denied at the administrative level and on reconsideration.

At a hearing before an administrative law judge ("ALJ"), a vocational expert ("VE") testified that Boswell could perform his past relevant work as a telephone solicitor even if he were limited to sedentary work. Relying on this testimony and objective medical evidence in the record, the ALJ found that Boswell's degenerative disc disease was a severe impairment, but that none of his impairments, either alone or in combination, met or equaled the criteria contained in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ further found that Boswell had "the residual functional capacity [("RFC")] to perform sedentary work . . . except [to] occasionally stoop, crouch, crawl, kneel, balance, [and] climb stairs and ladders."[2] Accordingly, the ALJ denied benefits at step four of the five-step, sequential-evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (describing five-step process).

---

[1] Boswell initially claimed a disability-onset date of July 1, 2000; at the administrative hearing, he amended his alleged disability-onset date to December 1, 2006.

[2] The ALJ mistakenly stated that the VE categorized Boswell's past telephone solicitor job as "light." The VE actually stated that the job was sedentary, which corresponds with Boswell's RFC as determined by the ALJ.

After the Appeals Council denied his request for review, Boswell filed his complaint in district court. The district court accepted the recommendation of a magistrate judge that the Commissioner's denial of benefits be affirmed. Boswell now appeals.

**II**

Our standard of review is highly deferential:

> In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency. Instead, we review the ALJ's decision only to determine whether the correct legal standards were applied and whether the ALJ's factual findings are supported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.

Branum v. Barnhart, 385 F.3d 1268, 1270 (10th Cir. 2004) (citations and quotations omitted). Boswell raises two issues: whether the ALJ's credibility determination was proper and whether the ALJ's RFC determination failed to consider the impact of all Boswell's impairments in combination.

**A**

With regard to credibility, the ALJ found that Boswell's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the [already established] residual functional capacity assessment." He further concluded that "the course of medical treatment in this case does not bolster [Boswell's] credibility with

-3-

respect to the degree of his pain and other subjective complaints" because Boswell's "allegations of disabling pain and limitations are simply not supported by the medical evidence to the extent alleged."

"It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hardman v. Barnhart, 362 F.3d 676, 678-79 (10th Cir. 2004) (quotation omitted). Credibility determinations, however, "are peculiarly the province of the finder of fact" and, if supported by substantial evidence, will not be disturbed on appeal. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

At the hearing, Boswell testified that he has two bulging discs, that he experiences weakness, numbness, and tingling in his extremities, and that he suffers severe headaches. He further testified that he can stand for a maximum of fifteen minutes and suffers pain even when sitting.

The ALJ meticulously cited record evidence to support his credibility determination. He noted that none of Boswell's treating or examining physicians had placed any specific limitations or restrictions on his activities. Despite having complained of neck and back pain for years, no objective medical evidence showed "that [Boswell's] condition significantly worsened around his alleged onset date – in fact, there was very little in the way of actual medical treatment other than the continued prescribing of routine medication." Further,

the record lacked medical evidence suggesting that Boswell suffered adverse side effects from his medication. And his daily activities belied his complaints of debilitating pain. Although Boswell testified that he was significantly restricted in his ability to sit, stand, walk, and lift, the medical records do not indicate that he made similar complaints to any of his physicians.

The ALJ concluded:

> The statements of [Boswell] concerning his impairments and their impact on his ability to work during the period at issue are not entirely credible in light of the conservative nature and the infrequency of medical treatment required, the lack of medical evidence demonstrating that claimant's condition significantly worsened during the period of time under consideration, the reports of the treating and examining practitioners, the medical history, the findings made on examination, the marked discrepancies between his allegations, and the information contained in the medical records.

Our review of the record confirms these findings. We conclude that the ALJ's credibility determination was supported by substantial evidence.

**B**

Boswell also contends that the ALJ failed to consider the impact of his headaches when arriving at his RFC determination. It is clear from the ALJ's decision, however, that Boswell's headache complaints were considered. The ALJ summarized Boswell's testimony concerning his headaches and reviewed the medical records related to the headaches and their treatment, observing that Boswell had been treated conservatively and that Boswell reported Celebrex was

-5-

controlling his pain in December 2007. The ALJ correctly noted that no neurological deficits appeared in the record.

While we acknowledge Boswell's probable headache pain, we note that "disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment." Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir. 1988) (quotation and alteration omitted). Boswell has not sustained his burden to establish he suffered pain of this caliber.

### III

In short, Boswell asks this court to reweigh the evidence and substitute our judgment for that of the Commissioner. We are without the authority to do so. See Cowan v. Astrue, 552 F.3d 1182, 1185 (10th Cir. 2008).

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-6-