FILED
United States Court of Appeals
Tenth Circuit

February 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL B. BOEHM,

       Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 12-5102
(D.C. No. 4:10-CV-00818-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Michael B. Boehm appeals the Commissioner's denial of disability and

supplemental security income benefits, claiming an administrative law judge ("ALJ")

incorrectly evaluated the medical source evidence, wrongly discredited his testimony,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and inaccurately presented his limitations to a vocational expert ("VE").  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

I

Mr. Boehm was injured in a logging accident and then again while lifting a beam at work.  Various diagnostic tests and physicians confirmed that Mr. Boehm had degenerative disc disease and an annular tear at L5-S1 disc.  Due to the bad disc in his back, Mr. Boehm applied for disability, complaining also of leg pain, difficulty sleeping, and vision problems.  His applications were denied initially and on reconsideration, and after a hearing, an ALJ determined at step five of the five-step sequential evaluation process, *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process), that Mr. Boehm was not disabled because he retained the residual functional capacity ("RFC") to perform light work subject to certain restrictions.  In particular, the ALJ restricted Mr. Boehm from climbing ladders, ropes, and scaffolding, and limited him to no more than occasional stooping.  The Appeals Council denied review, and a magistrate judge, presiding pursuant to 28 U.S.C. § 636(c)(1), affirmed the Commissioner's decision.

Now on appeal, Mr. Boehm contends the ALJ failed to correctly evaluate the medical source evidence, assess his credibility, and state his limitations in a hypothetical question to the VE.  "We independently review the Commissioner's decision to determine whether it is free from legal error and supported by substantial

evidence." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). Upon reviewing the record and the relevant legal authorities, we perceive no reversible error.

## II

A. Medical Source Evidence

Mr. Boehm first claims the ALJ incorrectly evaluated the medical source evidence, particularly the opinions of his treating physician, Dr. Walter Edwards. A treating physician's opinion is accorded controlling weight "if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id.* at 1330. But "[i]f the opinion is deficient in either of these respects, it is not to be given controlling weight." *Id.*

As a treating physician, Dr. Edwards' opinion was entitled to deference. And to be sure, some of his opinions were supported by the evidence. But as the ALJ observed, Dr. Edwards also offered several opinions that conflicted with regard to the extent of Mr. Boehm's functional restrictions and his ability to work. Specifically, in September 2009, Dr. Edwards completed a functional capacity assessment that indicated Mr. Boehm could sit and stand for two to three hours in an eight-hour work day, and frequently lift fifteen pounds. The very next month, however, in October 2009, Dr. Edwards completed another assessment indicating that Mr. Boehm could only sit, stand, and walk for ten to thirty minutes in an eight-hour day, and could only

occasionally lift between eleven and twenty pounds. Dr. Edwards offered no explanation for this sudden deterioration in Mr. Boehm's capabilities; he simply checked spaces indicating that Mr. Boehm was entirely unable to bend, squat, crawl, climb, reach, handle or finger with either hand, be near moving machinery, or drive, among other things. And citing his previous records, he wrote that Mr. Boehm was completely disabled. Yet Dr. Edwards' previous note from March 2008, when he last saw Mr. Boehm some eighteen months earlier, indicated that Mr. Boehm's injury was "without herniation or extrusion," and he could therefore undergo rehabilitation, including walking thirty minutes each day, to return to light work. Aplt. App., Vol. 3 at 315. And prior to that meeting, Dr. Edwards had noted that Mr. Boehm was stable and not deteriorating. *Id.* at 323.

In addition to these conflicting reports, Dr. Edwards routinely indicated that Mr. Boehm was completely disabled, although at times he believed Mr. Boehm could perform light work. The ALJ also noted that Dr. Edwards' opinion conflicted with the findings of Mr. Boehm's physical therapist, who found that he could perform light to medium work and had put forth a poor effort in a functional capacity evaluation.[1] These inconsistencies justify the reduced weight given to Dr. Edwards'

---

[1]    Mr. Boehm argues that Dr. Edwards' opinion should not be subordinated to the physical therapist's opinion, which ordinarily would be correct. But in this case, Dr. Edwards requested the physical therapist's functional capacity evaluation and relied on it in his October 2009 assessment, despite the inconsistent findings. *See* Aplt. App., Vol. 3 at 365. In fact, Dr. Edwards' two examinations preceding the functional capacity evaluation support the physical therapist's finding that

(continued)

- 4 -

opinion by the ALJ. Mr. Boehm invokes his lengthy treatment history as support for Dr. Edwards' opinions, but this argument does not reconcile the doctor's conflicting assessments. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (internal quotation marks omitted)). Mr. Boehm also insists the ALJ failed to explain how Dr. Edwards' opinions are inconsistent, but the foregoing examples cited by the ALJ adequately explain his reasoning. *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (requiring ALJ to give "specific, legitimate reasons" when discounting a medical opinion (internal quotation marks omitted)).[2]

---

Mr. Boehm could return to light/medium work. *See id.* at 323 (December 21, 2007 note indicating "[r]eflex, motor, sensory examinations are normal [and] [h]e appears to walk without a limp or abnormal gait."); *id.* (February 4, 2008 note stating, "His problem is stable. He is not deteriorating. I would not recommend any surgery at this particular time."). And Dr. Edwards acknowledged after the physical therapist's functional capacity evaluation that Mr. Boehm's performance rendered many of the evaluation's "validity criteria borderline." *Id.* at 315. Yet Dr. Edwards apparently found the functional capacity evaluation reliable enough to incorporate into his October 2009 assessment, perhaps because it was consistent with his own previous notes. Under these circumstances, we cannot say the ALJ erred in noting the conflict and according Dr. Edwards' opinion reduced weight.

[2]     Mr. Boehm points out that the ALJ incorrectly stated that none of his doctors recommended surgery. This error was "minor enough not to undermine confidence in the determination of this case." *Gay v. Sullivan*, 986 F.2d 1336, 1341 n.3 (10th Cir. 1993). Earlier in his decision, the ALJ recognized Dr. Edwards had suggested surgery, and the conflicting statements the doctor offered on the subject refutes Mr. Boehm's assertion that his opinion was entitled to controlling weight.

B. Credibility

Mr. Boehm's second argument—that the ALJ improperly discredited his complaints of pain—is equally unavailing. Mr. Boehm testified that he could sit or stand for fifteen to twenty minutes, but then would need to lie down for twenty to thirty minutes. He said he lived alone and could do his own chores, but he drove only short distances and could vacuum no more than half a room at a time. According to Mr. Boehm, his back pain made it difficult for him to fall asleep, and he would often wake every two hours to change positions. The ALJ acknowledged this testimony, but discredited it to the extent it conflicted with his RFC assessment.

Now Mr. Boehm contends the ALJ failed to properly evaluate this testimony under *Luna v. Bowen*, 834 F.2d 161, 165-66 (10th Cir. 1987). *Luna* instructs that if a claimant establishes a loose nexus between his complaints of pain and a pain-producing impairment, the ALJ must determine "whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012). Such evidence includes the claimant's attempts to find relief, regular use of a crutch or cane, regular contacts with a doctor, daily activities, and the dosage, effectiveness, and side effects of any medication. *Id.* at 1167; *see also* SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (listing such factors as the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; and factors that precipitate and aggravate the symptoms).

Here, the ALJ detailed Mr. Boehm's efforts to get treatment, including the various diagnostic tests that confirmed "[d]isk degeneration L5-S1 with diskogenic style low back pain, not severe." Aplt. App., Vol. 3 at 246; *see also id.* at 342 ("Degenerative disc disease probably responsible for the presenting pain syndrome."). The ALJ also reviewed x-rays showing a "[n]ormal appearing lumbar spine with normal flexion and extension." Aplt. App., Vol. 2 at 12; *see also id.*, Vol. 3 at 259 (x-ray report). Additionally, the ALJ discussed Mr. Boehm's participation in physical therapy, the efficacy of his steroid injections, and his visits with Dr. Edwards and other doctors. Apart from these considerations, the ALJ recognized that Mr. Boehm had been prescribed Lortab and Soma, which offered him limited relief, and that the results of his physical therapist's functional evaluation were questionable due to his poor effort. Given this evidence, the ALJ summarized Mr. Boehm's testimony under the relevant factors enumerated in SSR 96-7p and concluded that his complaints of pain were not credible to the extent they conflicted with his RFC. We perceive no error. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) ("So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," the requirement that an ALJ link his credibility finding to the evidence is "satisfied.").[3]

---

[3] Mr. Boehm protests the ALJ's use of boilerplate language in discrediting his testimony. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) ("[I]n the absence of a more thorough analysis," "standard boilerplate language will not suffice." (brackets and internal quotation marks omitted)). As Mr. Boehm's counsel

(continued)

C. Hypothetical Question

Finally, Mr. Boehm contends that the ALJ posed an inaccurate hypothetical question to the VE. During the hearing, the ALJ asked the VE to assume a hypothetical claimant with the limitations assessed in exhibit 12F—a 2008 physical RFC form completed by Dr. Russell Wallace. On the form, Dr. Wallace indicated that Mr. Boehm could occasionally lift and carry twenty pounds; frequently lift and carry ten pounds; sit, stand, or walk for a total of six hours in an eight-hour work day, and perform unlimited pushing and pulling. He also limited Mr. Boehm to occasional stooping and climbing of ladders, ropes, and scaffolding, but he determined that Mr. Boehm could frequently climb ramps and stairs, and frequently balance, kneel, crouch, and crawl. The ALJ relied on these assessments contained in the RFC form, but Mr. Boehm says doing so failed to ensure the accuracy of the question posed to the VE. We disagree.

A hypothetical question must include the impairments borne out by the record. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). Dr. Wallace assessed specific, individual limitations commensurate with light work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with

well knows, however, this argument is unavailing here because the language was preceded by a discussion of the evidence and factors used for assessing Mr. Boehm's credibility. *Cf. Strickland v. Astrue*, No. 11-7077, 2012 WL 3935755, at *7 (10th Cir. 2012) (unpublished) (rejecting counsel's boilerplate argument because "[t]he ALJ did not simply recite the general factors—he also stated the specific evidence he relied on in determining that Claimant's allegations were not credible.").

frequent lifting or carrying of objects weighing up to 10 pounds."). The VE testified that she had studied the record, including Dr. Wallace's RFC form, and listened to Mr. Boehm's testimony. She then testified that based on the physical limitations contained in the form, Mr. Boehm could not return to his past work as he performed it, but he could perform other jobs existing in significant numbers in the national economy. Nothing in the record suggests the hypothetical failed to reflect Mr. Boehm's limitations. Mr. Boehm says Dr. Wallace "apparently did not review at least 60 pages of medical records," Aplt. Br. at 18, but most of those records pre-date Dr. Wallace's RFC form, and there is no indication he failed to consider them. Although some documents post-date the form, they nevertheless coincide with the limitations found by Dr. Wallace; the lone exception is Dr. Edwards' October 2009 assessment, which we have already said was unsupported by the evidence. We find no error in the ALJ's reliance on Dr. Wallace's RFC form.[4]

---

[4] In challenging the ALJ's hypothetical question at step 5, Mr. Boehm attacks the ALJ's analysis at step 2, arguing that the ALJ "did not assess or consider at step 2 whether Claimant's leg pain and vision problems are severe, non-severe or medically determinable." Aplt. Br. at 19. To the extent Mr. Boehm attempts to advance an independent challenge to the ALJ's step 2 findings within the context of his step 5 argument, we decline to consider the issue. *See Keyes-Zachary*, 695 F.3d at 1161 (declining to consider poorly developed sub-issues).

III

The Commissioner's decision applied the correct legal standards, and it is supported by substantial evidence. For these reasons, the judgment of the district court is affirmed.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge