FILED
United States Court of Appeals
Tenth Circuit

July 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROBIN A. HOLCOMB,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 09-5167
(D.C. No. 4:08-CV-00616-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Robin Holcomb appeals from a final judgment entered by the magistrate

judge pursuant to the parties' consent under 28 U.S.C. § 636(c)(1) affirming the

Commissioner's denial of her application for Social Security disability benefits

and supplemental security income benefits. Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Holcomb was 29 years old at the time of her final hearing before the administrative law judge (ALJ). Her disability application is not in the record, and neither the ALJ nor Ms. Holcomb states the bases upon which she claimed disability. We will, therefore, accept the characterization of the Commissioner that Ms. Holcomb's allegedly disabling impairments were obesity, lumbar strain, and a mental disorder. Aplee. Br. at 3. Following the evidentiary hearing, at which Ms. Holcomb and a vocational expert (VE) both testified, the ALJ concluded at step four that Ms. Holcomb had the residual functional capacity to return to her past relevant work as a telephone solicitor. Aplt. App. Vol. 2 at 26. Alternatively, and relying on the testimony of the VE, the ALJ concluded at step five that Ms. Holcomb could perform the unskilled sedentary jobs of semiconductor assembler and clerical mailer. *Id.* at 28. Ms. Holcomb's claim was therefore denied. Her appeal to the Appeals Counsel was unsuccessful, making the decision of the ALJ the final decision of the Commissioner for purposes of our review. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

On appeal, Ms. Holcomb argues that the ALJ improperly evaluated her mental impairments and failed to perform a proper credibility determination. When we review a district court's ruling in a social security case, we do so de novo, independently determining whether the ALJ's decision is supported by substantial evidence and applies the law correctly. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (internal quotation marks omitted). "[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991). "'The scope of our review, however, is limited to the issues the claimant properly preserves in the district court and adequately presents on appeal[.]'" *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (quoting *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996)).

Ms. Holcomb first challenges the ALJ's treatment of her mental impairment, specifically that the ALJ did not perform the proper analysis of her medical source and other source opinions. Ms. Holcomb particularly takes issue with the ALJ's failure to analyze four Global Assessment of Functioning (GAF) scores placing her in the 43-50 range.[1] One of the GAF scores was arrived at by a Licensed Professional Counselor, *see* Aplt. App. Vol. 3 at 274-281, and the other three were assigned by a Licensed Clinical Social Worker, *see id.* at 292, 307-11, 325-28. The ALJ did not mention these scores in his decision.

---

[1] The GAF is a subjective rating on a scale of 1 to 100 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 32. "A GAF score of 41-50 indicates [s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning, such as inability to keep a job." *Langley v. Barnhart*, 373 F.3d 1116, 1122 n. 3 (10th Cir.2004) (internal quotation marks omitted).

"While a GAF score may be of considerable help to the ALJ in formulating the RFC [residual functional capacity], it is not essential to the RFC's accuracy" and taken alone does not establish an impairment serious enough to preclude an ability to work. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). Indeed, because these GAF scores are the opinions of providers who are not acceptable medical sources, *see* 20 C.F.R. §§ 404.1513(a), 416.913(a), they cannot, by themselves, establish a medically determinable impairment, constitute a medical opinion, or be considered the opinions of a treating source. *Frantz v. Astrue*, 509 F.3d 1299, 1301 (10th Cir. 2007).[2]

That, of course, does not mean that information from other sources, both medical and non-medical, cannot also be relied upon in making disability determinations. *Id.* Indeed, the ALJ is required to consider all relevant evidence in the record, including opinions from medical and non medical sources who have treated the claimant. SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006). But an ALJ is not required to discuss every piece of evidence in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Instead, he must discuss the

---

[2]     Licensed clinical social workers are considered "other sources," as defined in 20 C.F.R. § 404.1513(d) and 416.913(d), who may provide evidence useful in determining impairment severity and the functional effect of an impairment. SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006). For purposes of this order and judgment, we will assume, without deciding, that licensed professional counselors can also be considered "other sources," as defined in 20 C.F.R. § 404.1513(d) and 416.913(d).

evidence supporting his decision, and in addition "must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence he rejects." *Id.* at 1010.

Here, the ALJ thoroughly discussed the evidence from the two acceptable medical sources, Dr. John Mallgren, D.O., Ms. Holomb's treating physician, and Dr. Michael Morgan, Psy.D., a doctor of clinical psychology and consultative examiner. Dr. Mallgren did not assign a GAF score to Ms. Holcomb. Dr. Morgan, however, rated her GAF at 51-55.[3] Aplt. App. Vol. 3 at 231. Thus, the lower GAF scores from other sources were not "uncontroverted evidence [the ALJ] chose not to rely on," *see Clifton*, 79 F.3d at 1010, but were, rather, bits of information not essential to Ms. Holcomb's RFC determination, inadequate to establish disability, and contradicted by an opinion from an acceptable medical source. Under those circumstances, it was unnecessary for the ALJ to discuss the lower scores in his decision, *see id.*

Ms. Holcomb also challenges the ALJ's determination that "the claimant's statements concerning the intensity, persistence and limiting effects of [her]

---

[3] A GAF of 51-60 indicates moderate symptoms, such as occasional panic attacks, or moderate difficulty in social, occupational, or school functioning, such as conflicts with peers or co-workers. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 34.

symptoms are not entirely credible," Aplt. App. Vol. 2 at 20, and that "the claimant exaggerates at least some of her symptoms," *id.* at 24.

When a claimant establishes a medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms complained of, the ALJ must evaluate the intensity, persistence, and functionally limiting effects of the symptoms to determine the extent to which the symptoms affect the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 404.929(c). To do this, the ALJ must make a finding about the credibility of the claimant's statements regarding the symptoms and their functional effects. SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation marks omitted). "[F]indings with respect to a claimant's credibility 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Hardman v. Barnhart*, 362 F.3d 676, 678-79 (10th Cir. 2004) (quoting *Kepler*, 68 F.3d at 391). To be sure, an ALJ is required to do more than "simply recite[ ] the general factors he considered . . . [without] refer[ring] to any specific evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). But "our opinion in *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the

-6-

ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Id.*

Ms. Holcomb has posited several theories to undercut the ALJ's credibility determination, including that he "ignored many of the factors set forth in *Luna v. [Bowen]*, 834 F.2d 161 (10th Cir. 1987); disagreed with her testimony regarding drug and alcohol abuse; exercised his own medical expertise; failed to acknowledge the history of hallucinations; failed to tie his conclusions to the medical record; and applied the wrong standard of proof regarding her activities of daily living." Aplt. App. Vol. 1 at 45 (Dist. Ct. Op. & Order) (footnote omitted).

Except for Ms. Holcomb's last point, none of these arguments are persuasive.[4] Ms. Holcomb does not identify which of the *Luna* factors finds enough support in the record to have warranted consideration by the ALJ; the evidence of Ms. Holcomb's prior drug and alcohol abuse played no part in the ALJ's determination; the ALJ did not exercise his own medical expertise in observing that Ms. Holcomb's report of a fractured hip in childhood was

---

[4]     Although not sufficient grounds for reversal, we do note that the ALJ cited no authority for his requirement that the claimant's stated activities of daily living be "objectively verified with [a] reasonable degree of certainty," Aplt. App. Vol. 2 at 26.  In fact, neither 20 C.F.R. § 404.1529(c)(3)(i) nor § 416.929(c)(3)(i) requires verification.  The regulations simply state that such evidence will be evaluated "in relation to the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(c)(4); 416.929(c)(4).

unaccompanied by any evidence of treatment for such an extensive injury; the ALJ specifically referred to Ms. Holcomb's report of hallucinations, Aplt. App. Vol. 2 at 20, 24, and correctly tied his credibility conclusions to substantial evidence.

With respect to the latter issue, the ALJ observed that Ms. Holcomb's testimony that her ankle "gave out" on a weekly basis was belied by a recent ankle x-ray that proved negative and the fact that she uses no assistive devices; that she inconsistently reported to medical providers that her panic attacks were either made better or worse by being alone; that her ability to care for her four children did not correspond to her allegations of total disability; and that medical records demonstrated that medication had "been relatively effective in controlling the claimant's symptoms, when taken as prescribed," Aplt. App. Vol. 2 at 25. The ALJ has thus complied with the *Kepler* requirements by closely and affirmatively linking his credibility findings to substantial evidence.

Finding that the Commissioner's denial of social security benefits was supported by substantial evidence and that the relevant law was correctly applied, we AFFIRM the judgment of the district court.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-8-