FILED
United States Court of Appeals
Tenth Circuit

August 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARSHALL L. ROBINSON,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant-Appellee.

No. 09-5166
(D.C. No. 4:08-CV-468-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

---

Marshall Leon Robinson appeals from a final judgment entered by a

magistrate judge, pursuant to the parties' consent under 28 U.S.C. § 636(c)(1),

upholding the Commissioner's denial of Mr. Robinson's application for social

security disability insurance benefits. We hear this appeal from the magistrate

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judge's order directly, without intermediate review in the district court, pursuant to 28 U.S.C. § 636(c)(3) and § 1291, and we affirm.

Mr. Robinson was born in 1957. He has a general equivalence diploma and earned certificates in welding and auto mechanics. His past relevant work includes concrete finisher, pipeline worker, petroleum and gas laborer, and driller helper. He protectively filed for benefits in September 2005, claiming that he had been unable to work since May 12, 2005, due to a work-related left eye injury. He was last insured on June 30, 2006; thus, he bore "the burden of proving that [he] was totally disabled on that date or before." *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

The agency denied Mr. Robinson's application initially and on reconsideration. He then requested and received a de novo hearing before an administrative law judge (ALJ). At the hearing, he testified about the (mostly unsuccessful) treatment for his eye injury and asserted that he suffers from severe headaches and light-sensitivity. A vocational expert (VE) also testified. Thereafter, the ALJ concluded at step five of the controlling five-step sequential evaluation process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Robinson was not disabled. Specifically, at step one, the ALJ found Mr. Robinson had not engaged in substantial gainful activity since his alleged onset date. At steps two and three, he found Mr. Robinson had severe impairments (chronic left eye pain with occipital neuralgia and blurred vision),

-2-

but that his impairments did not meet or medically equal one of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Next, the ALJ acknowledged Mr. Robinson's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," Aplt. App., Vol. 1 at 51, but found Mr. Robinson "not entirely credible in light of discrepancies between [his] alleged symptoms, and objective documentation in the file[,]" *id.* at 52. The ALJ determined that Mr. Robinson retained the residual functional capacity (RFC) "to perform medium work as defined in 20 [C.F.R. §] 404.1567(c)," *id.* at 49, though he found, at step four, that Mr. Robinson could not perform his past work. At step five, the ALJ—taking into account the VE's testimony—concluded that Mr. Robinson was not disabled because, considering his age, education, work experience, and RFC, he could perform other jobs available in the national economy.

Mr. Robinson appealed the ALJ's decision to the Appeals Council and submitted a two-page physical residual functional capacity questionnaire that was completed by one of his treating physicians the day after the ALJ rendered his decision. The Appeals Council considered the new evidence and made it part of the record, but decided it did not provide a basis for changing the ALJ's decision and denied review.

Mr. Robinson then sought judicial review, contending that the Appeals Council erroneously failed to provide "a clear explanation of the new evidence

and its impact on the Commissioner's decision." *Id.* at 14. As noted above, the magistrate judge affirmed the Commissioner's denial of benefits. This appeal followed.

Mr. Robinson raises a single issue on appeal. He contends that "the Appeals Council should be required to state in a clear and concise manner their analysis of new and material evidence submitted to them." Aplt. Br. at 6. In support, he cites 42 U.S.C. § 405(b) which, in pertinent part, requires the Commissioner's decision to "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based."

The Appeals Council "considered . . . the additional evidence," Aplt. App., Vol. 1 at 38, made it "part of the record," *id.* at 41, but concluded that it did "not provide a basis for changing the Administrative Law Judge's decision," *id.* at 39. This explanation is sufficient under our precedent. *See, e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1172-73 (10th Cir. 2005) ("Plaintiff complains that the Appeals Council's reference . . . was perfunctory . . . . Yet, our general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter."). Indeed, as the magistrate judge aptly observed:

> the Appeals Council's statement . . . is almost identical to the
> statement considered adequate by the Tenth Circuit in *Martinez[ v.
> Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006)]. Therefore, the
> same result is required in this case [because] . . . the Appeals Council
> considered the Questionnaire and "evaluate[d] the entire record

-4-

including the new and material evidence submitted." 20 C.F.R.
§ 404.970(b).

Aplt. App., Vol. 1 at 30.

Further, Mr. Robinson's reliance on 42 U.S.C. § 405(b) is misplaced.
When the Appeals Council denies review, the ALJ's decision becomes the final
decision of the Commissioner, *see Wilson*, 602 F.3d at 1140, and the ALJ's
decision in this case fully comports with § 405(b)'s requirements.

The judgement of the district court is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge