**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANA L. STILLS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant-Appellee.

No. 11-5087
(D.C. No. 4:10-CV-00037-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

Plaintiff-appellant Dana L. Stills appeals from an order of the district court

affirming the Commissioner's decision denying her application for Social Security

disability and Supplemental Security Income benefits (SSI). Ms. Stills filed for

these benefits on September 15, 2006. She alleged disability based on shoulder,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

neck, and arm problems, including degenerative disc disease and a compression fracture in her cervical spine. The agency denied her applications initially and on reconsideration.

On September 19, 2008, Ms. Stills received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that she retained the residual functional capacity (RFC) to perform sedentary work with only occasional stooping and with avoidance of work above the shoulder level. He found that she could return to her past relevant work as a lead cashier, customer service clerk, and payroll clerk. Accordingly, the ALJ concluded that Ms. Stills was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

## DISCUSSION

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

On appeal, Ms. Stills raises a single issue. She contends the Commissioner improperly rejected the opinions of her treating physician, Dr. Richter. She draws

our attention to two such opinions: a statement dated February 24, 2005, indicating that Ms. Stills "cannot do any heavy lifting" and that "[h]er limit is ten pounds," Aplt. App., Vol. II at 238, and a Physical Medical Source Statement ("Medical Source Statement") evaluating her physical capacities. We consider each of these opinions in turn.

**Lifting Restriction**

In her appeal brief, Ms. Stills mentions the ten-pound lifting restriction in a single sentence, but makes no further argument concerning it. *See* Aplt. Opening Br. at 10. She has forfeited her appellate argument concerning this opinion by failing to adequately develop the argument for our review. *Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996). Accordingly, we will not consider this argument further.

**Medical Source Statement**

After the ALJ denied her disability benefits claim, Ms. Stills filed an administrative appeal with the Appeals Council. As part of her Appeals Council submission, she submitted a Medical Source Statement form prepared and signed by Dr. Richter on March 16, 2009. The Appeals Council made the Medical Source Statement part of the record.

The Medical Source Statement evaluated Ms. Stills' physical capacities, including her ability to sit, stand, and walk; her ability to carry objects of various weights; and her other restrictions on activities such as bending, squatting,

crawling, climbing, and reaching. *See* Aplt. App., Vol. II at 382-84.

Dr. Richter's evaluations were supported by the following medical findings

(Dr. Richter's handwritten notes are indicated in italics):

> What are the <u>objective</u> medical findings that support <u>your</u> RFC
> evaluation[:]
>
> *MRI cervical spine shows a collapsed C3 vertebral body with*
> *retropulsion*
> *Lumbar spine*
> *Degenerative changes lumbar spine*

*Id.* at 384.

> Are there <u>objective</u> findings to support the claimant's allegations of
> pain, numbness, dizziness and any other subjective complaints?  If
> so, please explain (briefly):
>
> *Pt. has had evidence for thoracic outlet on clinical exam and has had*
> *previous right first cervical rib resection.*
> *There is also documented evidence for fibromyalgia on tender point*
> *exam.  (18 positive sites on manual tender point survey).*
>
> Your remarks on the above and any other functional limitations (may
> be continued on the reverse or a separate sheet, if needed):
>
> *Pt. also has evidence [of] right femoral sensory neuropathy.*

*Id.* at 385.

At least one of Dr. Richter's conclusions concerning Ms. Stills' physical

capacities differed significantly from that of the ALJ.  The ALJ concluded that

Ms. Stills retained the RFC to perform sedentary work, except that she could only

occasionally stoop and should avoid work above the shoulder level. *Id.* at 13.

Under the regulations, "sedentary work" is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

Dr. Richter, however, opined that Ms. Stills could sit for only a total of two hours during an eight-hour day. She could stand for a total of one hour and could walk for a total of one hour. Aplt. App., Vol. II at 382. This limited ability to sit is inconsistent with sedentary work. *See* SSR No. 83-10, 1983 WL 31251, at *5 (1983).

Although Dr. Richter completed his Medical Source Statement before the ALJ reached his decision, the ALJ did not have the Medical Source Statement available to him at the time he entered his decision. Instead, Ms. Stills submitted it as additional evidence with her administrative appeal to the Appeals Council. The Appeals Council considered the Medical Source Statement along with a letter from Ms. Stills' counsel, and reached the following decision:

> We found no reason under our rules to review the Administrative Law Judge's decision.
> Therefore, we have denied your request for review.
>
> . . . .

-5-

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> The additional checklists *do not contain any medical findings* and the decision otherwise adequately explained why the claimant could perform a limited range of sedentary exertion.

*Id.* at 1-2 (emphasis added).

Contrary to the Appeals Council's finding, Dr. Richter *did* supply medical findings for the physical capacities he assigned to Ms. Stills when he completed the checklists on the Medical Source Statement. The Appeals Council's reasoning on this point is therefore incorrect and unsupported by substantial evidence. For this reason, we must remand the case to the Commissioner for further evaluation of Dr. Richter's Medical Source Statement in light of all the evidence of record. *See, e.g.*, *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (indicating remand is appropriate where Appeals Council failed to properly evaluate material and relevant new evidence).

Ms. Stills further argues that the Appeals Council also failed to conduct a proper treating physician analysis of the Medical Source Statement. *See, e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (describing required analysis of treating physician's opinions). The Commissioner responds that a treating physician analysis is not legally required when a treating

physician's opinion is submitted to the Appeals Council as additional evidence. This issue does not appear to be settled in this circuit.[1]  Because we have ordered a remand to the Commissioner for further analysis of the Medical Source Statement, however, and because the Medical Source Statement is now part of the record, it would be prudent for the Appeals Council as part of the proceedings on remand either to conduct an appropriate treating physician analysis or to remand to the ALJ to do so.

## CONCLUSION

The judgment of the district court is REVERSED and this matter is REMANDED to the district court with instructions to REMAND to the Commissioner for further proceedings in accordance with this order and judgment.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[1]     *Compare, e.g.*, *Harper v. Astrue*, 428 F. App'x 823 (10th Cir. 2011) (stating Appeals Council must conduct treating physician analysis) *with Robinson v. Astrue*, 397 F. App'x 430 (10th Cir. 2010) (requiring no further specific consideration of treating physician's physical residual capacity questionnaire submitted to Appeals Council and made part of record where Appeals Council stated it had reviewed RFC questionnaire and that it provided no basis for changing the ALJ's decision).