**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUDY LUANNE POLSON,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 12-7039
(D.C. No. 6:10-CV-00463-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

      Judy Luanne Polson appeals from a judgment of the magistrate judge[1]

affirming the Social Security Commissioner's denial of her application for disability

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Upon the parties' consent, the case was referred to the magistrate judge to conduct all proceedings and to order entry of final judgment. *See* 28 U.S.C. § 636(c).

benefits under Title II of the Social Security Act. Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

Polson was born in 1962, has a high school education, and has prior work experience as a home health aide, teacher's aide, cashier, and sales clerk. Her right leg was surgically repaired after a 1983 motorcycle accident, and she was diagnosed with degenerative joint disease in her knees and right hip in 2002. The magistrate judge's decision thoroughly describes the medical evidence in the record, thus we do not repeat it here. Polson applied for benefits in December 2006, claiming disability due to aching and swelling in her right leg and right hip. Her application was denied initially and on reconsideration. She then received a de novo hearing before an administrative law judge (ALJ), at which she and a vocational expert (VE) testified.

The ALJ found that Polson (1) had not engaged in substantial gainful activity since September 2004; (2) had severe impairments of degenerative joint disease, degenerative disc disease, and a prior right leg fracture; (3) did not have an impairment, or combination of impairments, that met the criteria for presumptive disability; (4) had the residual functional capacity (RFC) to perform a full range of sedentary work, and could not return to her past relevant work; but (5) could perform other work that exists in significant number in the economy, applying the medical-vocational guidelines (Grids). Based on the above the ALJ concluded Polson was not disabled. *See Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010)

(describing five-step evaluation process). The Appeals Council denied review, and the magistrate judge, sitting by consent, affirmed.

Polson raises two issues on appeal, arguing that the ALJ (1) did not perform a proper step-five determination, and (2) failed to perform a proper credibility determination. "We review the [magistrate judge's] decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

We first address the ALJ's credibility determination. Polson contends the ALJ failed to discuss and properly apply the factors for assessing credibility when he found her subjective complaints of disabling pain not to be credible. A disability claimant's complaints of disabling pain are evaluated using the three-step analysis set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). Under *Luna*, an ALJ faced with a claim of disabling pain is required to consider and determine (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged; and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling. *Id*. at 163-64.

The ALJ did discuss a number of the *Luna* factors and tied them to evidence in the record. In evaluating Polson's subjective complaints of disabling pain the ALJ compared them to objective factors: there is no medical evidence that Polson sought

treatment for, or complained of, leg or hip pain until four to five years after her degenerative joint disease was diagnosed, and radiographic studies showed no worsening of her condition since 2000. Moreover, her treating physicians did not place functional limitations on her activities precluding sedentary work, and according to two consultative medical experts she could perform more than sedentary work. Finally, Polson described restricted daily activities but, as the ALJ noted, there was no evidence of her medical providers placing these restrictions on her. So long as the ALJ "sets forth the specific evidence he relies on in evaluating the claimant's credibility," he need not make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Objective evidence does not support her subject complaints.

Polson complains of the boilerplate language used by the ALJ, to wit: her "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] . . . not credible to the extent they [were] inconsistent with [his RFC] assessment." Aplt. App., Vol. 2, at 13. The use of boilerplate language, "in the absence of a more thorough analysis" is insufficient to support an ALJ's credibility determination. *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). But here, the ALJ did more than merely recite boilerplate. As noted above, he provided specific reasons for his credibility determination, and he linked his credibility determination to the evidence, as required. We fully concur with the magistrate judge's discussion and analysis of the record: the ALJ properly evaluated

Polson's credibility and his findings are supported by substantial evidence in the record.

We now turn to the ALJ's use of the Grids. At step five the ALJ has the burden to show there are other jobs a claimant can adjust to that exist in significant numbers in the national economy. *See Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998). This burden can be met either by (1) the testimony of a VE, or (2) by reference to the Grids. *Id*. "The [G]rids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Id*. (internal quotation marks omitted). Generally, the Grids may not be used conclusively if the claimant has nonexertional impairments, such as pain or mental impairments, limiting the ability to do the full range of work within a classification. *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Polson contends the ALJ's use of the Grids was error because she has nonexertional limitations of pain and a mild mental impairment of anxiety.

As the magistrate judge correctly noted, use of the Grids is foreclosed only where the "nonexertional impairments are significant enough to limit the range of jobs available in a given work category." *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994). As discussed above, the ALJ found Polson's pain not to be limiting in her ability to perform a full range of sedentary work. Further, after discussing the

evidence, the ALJ found her anxiety to be mild and treatable, not imposing more than a slight effect on her ability to work. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (ability to perform "substantial majority" of work in RFC assessment suffices for purposes of Grids). These findings are supported by substantial evidence in the record.

Substantial evidence supported the ALJ's conclusion that Polson's nonexertional impairments did not limit her RFC to perform a full range of sedentary work. Although Polson has some pain and anxiety, the evidence does not indicate that these impairments prevent her from working. Thus, the ALJ did not err in applying the Grids. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1030 (10th Cir. 1994) ("[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids"; it "must interfere with the ability to work.").

Polson also complains about the ALJ's step-five determination, claiming it was flawed because his hypothetical question to the VE did not contain any limitations due to her alleged anxiety. This argument is without merit. The ALJ only questioned the VE at step four, and his only question was to confirm Polson's inability to return to her past relevant work. Because the ALJ found that Polson had the RFC to perform a full range of sedentary work, he relied upon the Grids only to make his step-five determination, without need of consultation with the VE. Thus, there was no error in the ALJ's step-five determination.

The judgment of the magistrate judge is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge